### STATE ex BROWN v. HOFFMAN (Judge)

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3018. Decided Nov. 8, 1926

681. JURISDICTION—A juvenile court's jurisdiction is limited to delinquent, neglected, and dependent minors and does not deal with criminal cases.

769. MINORS—Where a minor is indicted for a felony, the juvenile court may at its discretion, hear same or order recognizance before a court of common pleas.

747. MANDAMUS—Such writ will not lie against a juvenile judge to compel him to hear a felony case concerning a minor, for it is within the descretion of said court either to hear same or remand it to the Common Pleas Court.

CUSHING, J.

Clarence Brown was indicted, by the grand jury of Hamilton County, on the charge of burglary and automobile stealing.

At a hearing before the Hamilton Common

Pleas it was found that Brown was seventeen years old; and it was ordered that he be transferred to the division of Domestic Relations Court. The Judge of the juvenile court refused to hear and dispose of said case, and this action was instituted in mandamus to compel Judge Hoffman, to hear and dispose of the case of the relator, as provided by law. The Court of Appeals held:

1. Sec. 1642 GC. provides that a juvenile court shal have jurisdiction over and with respect to delinquent, neglected and dependent minors, under the age of 18.

2. The juvenile court does not deal with crimes, its jurisdiction being limited as provided in 1642 GC.

3. Sec. 1681 GC. provides "when any information or complaint shal be filed against a delinquent child under these provisions charging him with felony, the judge may order the child to enter recognizance - - - for his appearance before a common pleas court. - - - -"

4. The transfer by the Hamilton Common Pleas in the first instance was but to give information to the juvenile court and it had authority to act thereon, but it chose by its discretionary power to remand the case to the common pleas.

5. The juvenile court had the power to either hear the case or remand same to the Common Pleas and the court choosing to remand it, the demurrer to the petition will be sustained.

Demurrer sustained.

(Buchwalter, PJ., and aHmilton, J., concur.)

Attorneys—D. F. Naylor and Edw. Hoover for State et; John W. Weinig for Hoffman; all of Cincinnati.