## MURPHY v STATE

Ohio Appeals, 1st Dist. Hamilton Co

No 4388. Decided April 17, 1933

Edward Ballard, Cincinnati, and Thomas Howard, for plaintiff in error.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, and Dudley M. Outcalt, Assistant Prosecuting Attorney, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

Murphy, plaintiff in error, was charged with the crime of murder in the first degree, while in the perpetration of a robbery. At the time of the offense charged, he was 17 years of age. He was taken before the Juvenile Court, which court referred the matter back to the Common Pleas Court for proceedings under provisions of §1681 GC.

When the case was called for trial before the Common Pleas Court at the January term, 1933, counsel were appointed to defend him. Murphy signed a formal waiver of jury in open court and submitted his case to the court. He was tried by the court, without the intervention of a jury.

The court heard testimony and after consideration found him guilty and sentenced him to death by electrocution. Defendant filed a motion for a new trial, which was overruled and the case is here on a petition in error to the judgment of the trial court.

Plaintiff in error stresses two questions of law. The first point is, that the defendant being a minor he could not waive his right to a trial by jury.

The answer to this contention is to be found in the case of State v Clinkenberger, 113 Oh St 418, and cases therein cited. In this case Clinkenberger was 18 years of age. He, like Murphy, was certified to the Juvenile Court, which court referred the matter back to the Common Pleas Court. Clinkenberger was indicted by the Grand Jury and moved to dismiss the case on one of the grounds, that the court had no jurisdiction of the person of defendant. This challenged the procedure in the Common Pleas Court in view of the Juvenile law. The court held this objection came too late, as the jurisdiction should be challenged by a plea in abatement.

This brought into review the question of procedure in a criminal case where the defendant was a minor. The court held that the state was correct in its contention that the defendant waived his right to object to the jurisdiction of the court on the ground of his minority, by not filing a plea in abatement; thus it was held the procedure under the criminal code of the State applied alike to minors as to adults.

Applying this principle to the case under consideration, since a minor could waive his rights on the question of jurisdiction of the court on the ground of his minority, Murphy must be held to have waived his rights to the jurisdiction of the court, to which he had submitted his cause, to hear and determine his case without intervention of a jury.

In fact, the trial court has no alternative in the matter under the decision of the Supreme Court in State v Smith, 123 Oh St 237.

This court, in the case of State ex Brown v Hoffman, Judge, 23 Oh Ap 348, (5 Abs 6), held that when a Juvenile Court refers the case of a minor to the Court of Common Pleas, the same proceedings shall be had thereafter upon such complaint as now authorized by law for the indictment, trial, judgment, and sentence of any other person charged with a felony. The legislature might enact a law requiring that a guardian ad litem be appointed to represent the defendant, to protect the interest of a minor in a criminal case, but in Ohio the

legislature has not seen fit to do this.

The conclusion on the point is that where the Common Pleas Court has jurisdiction to try a minor under indictment for a criminal offense, the same rules apply as apply to any other person, be he adult or minor.

The second point made is that the court in hearing the matter admitted and considered certain letters, for the reason that the letters had not been properly identified as the product of the defendant. Evidence was introduced to the effect that the letter was in the handwriting of defendant and we think, sufficiently identified to consider it in evidence.

We find no error in the record and the judgment is affirmed.

ROSS and CUSHING, JJ, concur.